[Crim. No. 4226. First Dist., Div. Two. July 11, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. BILLY GENE McKINNEY, Defendant and Appellant.

 

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Michael R. Marron, Deputy Attorneys General, for Plaintiff and Respondent.

KAUFMAN, P. J.—Defendant, Billy Gene McKinney, appeals from a judgment rendered on a jury verdict finding him guilty of one count of conspiracy (Pen. Code, § 182), and three counts of forgery (Pen. Code, § 470). On this appeal from the judgment of conviction, he contends that the conspiracy conviction is erroneous as a matter of law because there was no corroboration of the testimony of his accomplice, and that, therefore, the evidence is insufficient to support the forgery convictions. There is no merit to these contentions.

Viewing the record most favorably to the judgment, as we must, the facts are as follows: On the evening of Friday, January 19, 1962, Charles Christensen broke into the offices of the A-1 Roofing Company in Vacaville and stole a book of payroll checks and a check protector. The next day, two of these forged payroll checks were presented and cashed in Vallejo by John Charles Rochester and a third by the appellant. Christensen was convicted of the burglary. Barbara Hamilton and Rochester subsequently pleaded guilty to the conspiracy and forgeries. All three knew the appellant and testified that on the morning of the 19th, they discussed picking up some ''paper'' by gaining entry to a place where Wayne Dailey once worked.

Later that same day, appellant and Miss Hamilton met Christensen in Vallejo and drove to Rochester's house in Napa in the appellant's car. The burglary idea was discussed again at this time. Thereafter, all four returned to Vallejo and met at Miss Hamilton's apartment. Christensen testified that the appellant and Dailey asked him to obtain the check

protector and check blanks from the A-1 Roofing Company. Rochester testified that he and Dailey put the proposition to Christensen and that the appellant was not present. Miss Hamilton and Christensen then drove to Vacaville where Christensen broke into the roofing company and committed the burglary. After the burglary, they returned to Miss Hamilton's apartment in Vallejo where they met the appellant, Rochester and Dailey and turned the checks and check protector over to the appellant and Dailey.

Miss Hamilton testified she then forged the checks and Rochester stamped them with the protector while the appellant walked back and forth in the apartment. Subsequently, the three forged checks mentioned above were passed. It is uncontroverted that Rochester passed the check for $88.54 in Tuffy's Tavern, and one for $108.54 in the Village Bar. At the time Rochester cashed the check in the Village Bar, the appellant was with him and the two left together. Appellant admitted being in the Village Bar that evening, seeing Rochester there, and driving off with him. The third forged check in the amount of $98.54 was passed by the appellant in the Fair Trade Market in Vallejo.

The first contention on appeal is that the conviction for conspiracy cannot be upheld as there was no corroborating evidence of the conspiracy except the testimony of the accomplices, Rochester, Hamilton and Christensen. Appellant also contends that the only testimony implicating him in the conspiracy to commit forgery was given by Christensen and that the court erred in failing to instruct the jury that Christensen was an accomplice.

As to the first contention, the record provides ample corroborative evidence from witnesses who were not accomplices. The bartender and a patron of the Village Bar saw appellant in the bar with Rochester when one of the forged checks was cashed. The owner of the Fair Trade Market identified the appellant as the person who presented the forged check for $98.54. Corroborative evidence is sufficient if it tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy the jury that the witness who must be corroborated is telling the truth (*People* v. *MacEwing*, 45 Cal.2d 218 [288 P.2d 257]). From the foregoing testimony, the jury could reasonably infer appellant's connection with the crime charged and could be reasonably satisfied that the accomplices were telling the truth (*People* v. *Henderson*, 34 Cal.2d 340, 346-347

[209 P.2d 785]). Furthermore, appellant admitted his activity and association with the accomplices but testified that the discussions about the burglary and the trip to Napa took place on January 20 instead of January 19. ■ Conspiracy is a distinct and separate offense from the crime which is the substantive object of the conspiracy (*People* v. *Augusto*, 193 Cal.App.2d 253 [14 Cal.Rptr. 284]), so that the overt act required by law as evidence of the conspiracy need not amount to an attempt to commit the offense (*People* v. *George*, 74 Cal.App. 440 [241 P. 97]).

■ The record does not support the contention that the only evidence implicating the appellant was given by Christensen and that the court erred in failing to instruct the jury that Christensen was an accomplice. The testimony of both Miss Hamilton and Rochester revealed appellant's participation and presence at the time various acts to further the conspiracy were discussed and perpetrated. The record also indicates that the trial court included Christensen in its instructions on accomplices. The jury was also properly further instructed that the corroboration required by law could not be supplied by the testimony of any of the accomplices but must come from other witnesses or evidence of other circumstances.

■ The final contention is that the evidence is insufficient to support the verdict against the appellant on the forgery counts relating to the two checks passed by Rochester. Appellant argues that the evidence does not establish his participation in these acts. This argument, however, overlooks the fact that it is not necessary to guilt of any particular count that he directly committed the overt act himself as each member of a criminal conspiracy is liable for each act of every other member of the conspiracy if the act is in furtherance of the object of the conspiracy (*People* v. *Harper*, 25 Cal.2d 862, 866 [156 P.2d 249]). ■ Since conspiracy consists of an agreement to commit a crime, the overt act required need not go so far as aiding and abetting which require participation in the act constituting the offense (*People* v. *Dolbeer*, 214 Cal.App.2d 619, 625 [29 Cal.Rptr. 573]).

Judgment affirmed.

Shoemaker, J., and Agee, J., concurred.